# IN THE COURT OF APPEALS OF IOWA

No. 19-1448
Filed August 19, 2020

IN RE THE MARRIAGE OF DAVID D. RITCHIE
AND SHIRLEY A. RITCHIE

Upon the Petition of
DAVID D. RITCHIE,
         Petitioner-Appellant,

And Concerning
SHIRLEY A. RITCHIE,
         Respondent-Appellee.

_____

         Appeal from the Iowa District Court for Woodbury County, Jeffrey A. Neary,

Judge.


         David Ritchie appeals the property-distribution provisions of the decree

dissolving his marriage to Shirley Ritchie. **AFFIRMED.**



         Craig H. Lane of Craig H. Lane, P.C., Sioux City, for appellant.

         John S. Moeller of John S. Moeller, P.C., Sioux City, for appellee.



         Considered by Vaitheswaran, P.J., and Mullins and Ahlers, JJ.

**MULLINS, Judge.**

David Ritchie appeals the property-distribution provisions of the decree dissolving his marriage to Shirley Ritchie. We address each of his arguments in turn.

David purchased and paid off what became the marital home roughly seventeen years before the marriage. The marriage lasted roughly six years. During the marriage, the real estate increased in value in the amount of $37,910.00. The court determined that portion of the real estate to be a marital asset and awarded twenty-five percent of it, $9477.50, to Shirley. David argues this was inequitable and asks us to reduce his equalization payment accordingly. While we acknowledge that David owned the house prior to the marriage and he brought more assets into the marriage, Shirley was only awarded a portion of the real estate's increase in value during the marriage. Upon our de novo review, we agree with the district court's reasoning and conclusions and affirm on this point without further opinion pursuant to Iowa Court Rule 21.26(1)(d).

David also purchased a skid loader for $8000.00 prior to the marriage. Shortly before the dissolution trial, repairs were made to the skid loader, costing $3500.00 from the marital estate. The court concluded the investment into the skid loader in that amount was a marital asset, subject to division, and awarded it to David and factored it into the property-equalization-payment calculation. The court withheld the pre-repair value of the skid loader as an asset from the marital estate but concluded the marital investment into the skid loader added value to the skid loader in the amount of the cost of repair. Again, upon our de novo review, we

agree with the district court's reasoning and conclusions and affirm on this issue without further opinion pursuant to Iowa Court Rule 21.26(1)(d).

At the time the parties married, David's 401k was valued at $104,162.17. He continued to contribute to it during the marriage and, at the time of trial, it was valued at $197,592.00. The court awarded Shirley one-half of the plan's increase in value during the marriage, $46,714.92. David again claims inequity. We find no inequity in awarding Shirley one-half of the contributions made during the marriage, and we do not disturb the award. *See In re Marriage of Stenzel*, 908 N.W.2d 524, 531 (Iowa Ct. App. 2018) (noting we only interfere "when there has been a failure to do equity").

We affirm the decree of dissolution of marriage. We deny David's request for appellate attorney fees.

**AFFIRMED.**